UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-159 |
| GENEVA BUSSELL, | ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on May 2 and 13, 2011, for motion hearings on Defendant Geneva Bussell's Motion for Leave to File Under Seal [Doc. 254], Motion for Competency Evaluation [Doc. 256], and Motion to Continue [Doc. 268]. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Tommy K. Hindman represented the Defendant, who was also present for both hearings.

As an initial matter, at the May 2 hearing, the Court addressed whether the Motion for a Competency Evaluation should remain sealed. The motion had been provisionally sealed until the May 2 hearing. The request to seal states that the motion to determine competency should be sealed because it contains private and sensitive information relating to the Defendant. At the hearing, Mr. Hindman argued that although the Government is entitled to see the motion in order to respond, the fact that the Defendant is seeking a mental evaluation should remain sealed. The Court found that the motion to determine competency contains no references to medical records, forensic reports,

1

or related sensitive information. Accordingly, based upon the general nature of the motion to determine competency, the Court determines that the motion should not be sealed in this case. The Motion for Leave to File Under Seal [**Doc. 254**] is **DENIED**, and the Motion for Competency Evaluation [**Doc. 256**] shall be **UNSEALED**.

The motion for competency evaluation states that counsel has spoken with and observed the Defendant, spoken with the Defendant's family, and briefly investigated the Defendant's medical history. Based upon this information, counsel believes that the Defendant "is exhibiting traits, emotions and conduct that implicate" the Defendant's ability to comprehend the nature and consequences of the proceedings against her and to assist in her own defense. At the May 2 hearing, Mr. Hindman stated that the Defendant had suffered three nervous breakdowns in the past and had recently been diagnosed with acute depression by her family physician. He related that the Defendant had not been able to communicate with him about the charges she faced due to memory lapses and/or losses and an inability to comprehend the seriousness or consequences of the charges. Mr. Hindman requested that the Defendant receive a non-custodial mental evaluation to determine her competency to stand trial. He also asked that she receive the mental evaluation at the Government's expense, because she could not afford to pay for it. The Government had no objection to the Court conducting a competency hearing but requested that the Defendant receive a mental evaluation prior to the competency hearing.

At the conclusion of the May 2 hearing, the Court found that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. Thus, the Court will conduct a

competency hearing.  See 18 U.S.C. § 4241(a).

Upon ordering a competency hearing, the Court may order a psychiatric or psychological examination of the Defendant and that a report of such examination be filed with the Court pursuant to section 4247(b).  18 U.S.C. § 4241(b).  Although the Court has discretion to order that the Defendant be committed for the mental evaluation, the statute does not require an inpatient examination.  See 18 U.S.C. §§ 4241(b) and 4247(b).  In fact, the legislative history for section 4247(b) supports ordering an outpatient examination unless the Court believes some need for an inpatient examination exists.  See S. Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3417; In re Newchurch, 807 F.2d 404, 410 (5th Cir. 1986); United States v. Weed, 184 F. Supp. 2d 1166, 1171 (N.D. Okla. 2002); see also 1A Charles Alan Wright, Federal Practice and Procedure § 196 (3d ed. 1999).  In the present case, the Court has permitted [Doc. 8] the Defendant to remain in the community on conditions of release pending her trial.  The Court has no evidence that the Defendant's situation has changed such that she should now be detained or that an outpatient evaluation would be inadequate.  Accordingly, the Court **ORDERS** that the Defendant undergo a mental examination by a psychiatrist or psychologist and that this examination take place on an outpatient basis.

Although the Defendant has retained counsel for these proceedings, she contends that she does not have the funds to pay for the court-ordered mental examination and asks that the examination be conducted at Government expense.  The Court conducted a second hearing on May 13 to determine if the Defendant qualified for a government-funded mental competency examination. The Criminal Justice Act permits counsel "for a person who is financially unable to obtain investigative, expert or other services necessary for adequate representation" to request funding for

such services in an *ex parte* application. 18 U.S.C. § 3006A(e). In order for the funding to be approved, the Court must find "that the services are necessary and that the person is financially unable to obtain them[.]" 18 U.S.C. § 3006A(e). The Court has already found that an outpatient psychiatric or psychological evaluation is necessary in this case to aid in determining the Defendant's competency to stand trial. On May 13, the Court conducted a sealed, *ex parte* hearing with the Defendant and defense counsel to determine the Defendant's financial need. Based upon the information provided in this portion of the hearing, the Court finds that the Defendant has no income or available assets to pay for the mental evaluation and that the attorney fees that she has incurred are reasonable. Accordingly, the Court finds that the Defendant meets the criteria for expert services in section 3006A(e).

The Guide to Judiciary Policy (the "Guide") provides guidance as to the source of payment for an outpatient, court-ordered mental evaluation to determine competency. 7A Guide to Judiciary Policy, § 320.20.10, et. seq. The Guide states that the payment of the examination cost for psychiatric or psychological expert services to determine mental competency pursuant to 18 U.S.C. § 4241 are paid by the Department of Justice, "regardless of which party requests" the examination. 7A Guide to Judiciary Policy, § 320.20.60 (chart). Procedurally, "[c]ompensation claims for psychiatric and related services to be paid for by the DOJ should be referred to the U.S. attorney or assistant U.S. attorney." 7A Guide to Judiciary Policy, § 320.20.50(b). When the request is for "'non-defense' services" (i.e., those expert services that are not needed for the defendant's defense), the Court and the Government generally have input into the selection of the expert and have access to the expert's report. 7A Guide to Judiciary Policy, § 320.20.20(b).

With these principles in mind, the Court set up the following procedure for the

Defendant's outpatient mental examination:

> (1) Defense counsel is to provide the name of a proposed licensed or certified psychiatrist or clinical psychologists along with the estimated cost for a competency evaluation and for a written report detailing the results of the evaluation to the Court and the Assistant United States Attorney.
>
> (2) If either the Court or the AUSA object to the initial proposal, defense counsel is to submit the names and cost estimates of two to three licensed or certified psychiatrists or clinical psychologists from which the examiner will be selected.
>
> (3) Once the examiner is chosen, the Defendant is to submit to the mental examination as expeditiously as possible. The examiner will submit a written report (the contents of which are outlined below) to the Court, defense counsel, and the AUSA.
>
> (4) Defense counsel is to submit the invoices for the evaluation to the AUSA.
>
> (5) Upon receipt of the report, the AUSA will have two weeks to decide whether the Government will have the Defendant examined on an outpatient basis by its own licensed or certified psychiatrist or psychologist. The details for this examination (examiner, time, date, location, etc.) must be determined during this two-week period. The Defendant is to submit to this examination, and the resulting report must be submitted to the Court, defense counsel, and the AUSA.
>
> (6) Once both reports (or just the initial report, if the Government does not seek a second examination) are available, the Court will hold a competency hearing.

The Court scheduled a status conference for **July 8, 2011, at 9:30 a.m.**, at which time the Court will set the competency hearing. The Court will use this date and time for the competency hearing in the event that the first report is available and no additional examination is sought.

With regard to the outpatient mental evaluation(s) conducted, the purpose of the psychiatric and psychological evaluation shall be to determine whether the Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable

to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The Defendant is to submit to such examinations as ordered above. The Defendant shall be given any necessary medications if determined appropriate by the examining expert. The examiner and/or examiners selected to conduct the examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the Court as soon as possible after the completion of the examination, a written report of his or her examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

>(1) The Defendant's history and present symptoms;
>
>(2) a description of the psychiatric, psychological and medical tests that were employed and their results;
>
>(3) the examiners' findings;
>
>(4) the examiners's opinions as to diagnosis and prognosis, and
>
>(5) the examiners's opinions as to whether the Defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

Following the May 2 hearing, the Defendant moved [Doc. 268] the Court to continue the May 13 motion hearing scheduled in this case. In this motion, defense counsel maintains that the Defendant has adopted seven motions, which will be heard at this motion hearing. Counsel asserts that the litigation of these motions require that the Defendant be present, prepared to assist counsel, and possibly able to testify on her own behalf. Counsel contends that because the Defendant's competency has yet to be determined, she cannot assist him with the litigation of these motions and asks the Court to continue the hearing with respect to the Defendant. The Government responds

[Doc. 273] that the issues raised by the pending motions are legal in nature and do not require the Defendant's presence or assistance. It also contends that a continuation of the hearing would prejudice the seven other Defendants with motions to be considered at the May 13 hearing and possibly result in a continuance of the August 15, 2011 trial date.

At the May 13 hearing, Mr. Hindman disagreed that all of the motions adopted by the Defendant were purely legal in nature. Specifically, he maintained that the motion to suppress the wiretap required some factual determination. Additionally, he argued that if the Court rules against the Defendant then he would need to be able to consult with his client to determine whether he should appeal this Court's ruling and that he would only have ten days to make this decision. The Government argued that the only issue pending before the Court with regard to the wiretaps was whether the wiretaps were necessary, which is a legal issue. It also asserted that because the Court would not be ruling on the motions today, the Defendant's immediate input on whether to appeal the Court's ruling was not essential.

The Defendant's Motion to Continue [**Doc. 268**] the May 13 motion hearing is **DENIED**. The Court conducted the motion hearing as scheduled to avoid prejudice to the other parties. The Defendant and Mr. Hindman were invited to attend the hearing as well.[1] If the Defendant is deemed to be competent, then there is no issue. If the Defendant is ultimately deemed to be incompetent, defense counsel may move the Court to reopen those motions for which the Defendant's assistance and/or testimony were necessary.

Accordingly, it is **ORDERED**:

---

[1] The Court notes that both defense counsel and the Defendant attended the May 13 motion hearing during the portions relating to the motions that the Defendant has adopted.

(1) The Motion for Leave to File Under Seal [**Doc. 254**] is **DENIED**, and the Motion for Competency Evaluation [**Doc. 256**] shall be **UNSEALED**;

(2) The Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders her mentally incompetent and will conduct a competency hearing;

(3) The Court also finds that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b), and her Motion for Competency Evaluation [**Doc. 256**] is **GRANTED**;

(4) The Court **ORDERS** that the Defendant undergo a mental examination by a psychiatrist or psychologist to determine her competency to stand trial and that this examination take place on an outpatient basis;

(5) The procedures for setting up and paying for the outpatient mental examination are set forth herein;

(6) The purpose of the mental examination and the contents of the written report are set forth herein;

(7) The parties are to appear for a status conference or competency hearing on **July 8, 2011, at 9:30 a.m.**; and

(8) The Defendant's Motion to Continue [**Doc. 268**] the May 13 motion hearing is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge